1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DEREK S. SACHS, SB# 253990
2    E-Mail: Derek.Sachs@lewisbrisbois.com
   ELAINE M. McCORMICK, SB# 340044
3    E-Mail: Elaine.McCormick@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
   Telephone: 916.564.5400
5  Facsimile: 916.564.5444

6  Attorneys for Defendant Cambridge Real Estate
   Services, Inc.
7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  ALBERTO C. CORTEZ, an individual, on        Case No. TBD
    behalf of himself and others similarly situated,,
12                                              State Court Case No.:  22CV02316
                   Plaintiff,
13                                              **DEFENDANT'S NOTICE OF REMOVAL**
            vs.                                 **OF CLASS ACTION**
14
    CAMBRIDGE REAL ESTATE SERVICES,
15  INC., an Oregon corporation; and DOES 1
    through 50, inclusive,
16
                   Defendant.
17                                              State Court Action Filed:   October 7, 2022
                                                Trial Date:                 None Set
18

19         PLEASE TAKE NOTICE that Defendant Cambridge Real Estate Services, Inc.

20  ("Defendant"), hereby removes the above-captioned action from the Superior Court of the State of

21  California, for the County of Butte, to the United States District Court for the Northern District of

22  California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  In support of this Notice of Removal,

23  Defendant states as follows:

24         1.     Removal is proper in this case because this Notice of Removal demonstrates that all

25  requirements for removal under 28 U.S.C. §§ 1332(d) and 1453) pursuant to the Class Action

26  Fairness Act ("CAFA") are met.

27         2.     On  October 7, 2022, Plaintiff Alberto C. Cortez ("Plaintiff") commenced this

28  putative class action against Defendant by filing a Class Action Complaint ("Complaint") in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Superior Court of the State of California, for the County of Butte, bearing the case number 22CV02316. The Complaint alleges seven causes of action for: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime; (3) Meal Period Violations; (4) Rest Break Violations; (5) Failure to Keep Accurate Payroll Records; (6) Violations of *Labor Code* section 221; (7) Violations of *Labor Code* section 204; (8) Waiting Time Penalties; (9) Failure to Reimburse Necessary Business Expenses; and (10) Unfair Business Practices.

3.      Plaintiff first served the Complaint on Defendant Cambridge Real Estate Services, Inc., on October 19, 2022 via substituted service. Declaration of Derek S. Sachs ("Sachs Decl."), ¶ 2. Accordingly, this Notice of Removal is timely filed within 30 days of service of process. 28 U.S.C. § 1446.

4.      The Superior Court of the State of California, County of Butte, is located within the Northern District of California. Thus, venue is proper under 28 U.S.C. section 84(a) because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      No previous application has been made for the relief requested herein.

6.      Pursuant to 28 U.S.C. section 1446(a), all process, pleadings, and orders that have been filed, served, or received by Defendant in this action are attached hereto. Specifically:

      a.      A true and correct copy of the Complaint, filed October 7, 2022 is attached hereto as **Exhibit 1**.

      b.      True and correct copies of the Summons and other notices served therewith are attached hereto as **Exhibit 2**.

      c.      True and correct copy of the Notice of Service of Process indicating substituted service on October 19, 2022 is attached hereto as **Exhibit 3**.

7.      A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, County of Butte, in accordance with 28 U.S.C. section 1446(d).

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-5110-4319.1                                        2                                        Case No. TBD
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

# I.    REMOVAL IS PROPER DUE TO THE JURISDICTION CONFERRED UNDER THE CLASS ACTION FAIRNESS ACT.

8.    This case is subject to removal under the CAFA of 2005.  Pub. L. No. 109-2, 119 Stat. 4.  28 U.S.C. §§ 1332(d) and 1453.

9.    CAFA grants federal district courts jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d).

10.    Under CAFA jurisdiction, unlike other diversity jurisdiction cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11.    Plaintiff purports to bring this suit on behalf of "[a]ll individuals employed by Defendants at any time during the period of four (4) years prior to filing this lawsuit and ending on a date as determined by the Court, and who have been employed as non-exempt, hourly maintenance technicians and in similar and related positions at Defendants' properties within the State of California."  Complaint at ¶ 39.  This class case, brought under California *Code of Civil Procedure* section 382, is a statute similar to a class action as defined in Rule 23 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1332(d)(1)(B).

12.    Specifically, this Court has jurisdiction over this case under CAFA because it is a civil putative class action wherein: (1) there are 100 or more members in Plaintiff's proposed class; (2) Defendant is not a state, state official, or other governmental entity; (3) there is minimal diversity between at least one member and one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000.00.  Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1332(d) and 1453(b).

## A.    <u>The Putative Class Size Consists of More than 100 Members.</u>

13.    The aggregate number of class members in Plaintiff's proposed class of California hourly paid, non-exempt maintenance employees, and similar or related positions, employed from

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  October 7, 2018 to the present is approximately 161[1].  Cooper Decl. ¶ 9.  This is greater than the

2  requisite 100 members required under 28 U.S.C. section 1332(d)(5)(B).

**B.    The Defendant is Not a Government Entity.**

4      14.    Defendant is not a state, state official, or any other government entity.  Cooper

5  Decl., ¶ 4.

**C.    There is Minimal Diversity of Citizenship Between The Parties.**

7      15.    At least one member of the proposed class is a citizen of a state different from

8  Defendant.  28 U.S.C. § 1332(d)(2)(A).

9      16.    For purposes of diversity, a natural person is a "citizen" of the state in which he or

10  she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A

11  person's domicile is the place they reside with the intention to remain or to which they intend to

12  return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13      17.    According to the Complaint, Plaintiff Alberto C. Cortez has resided in Butte

14  County, California and was generally employed by Defendants throughout his employment based

15  out of Defendant's properties there.   Complaint ¶ 2.  This allegation establishes that he is a citizen

16  of the State of California.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of

17  residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

18      18.    Likewise, the members of the proposed class are Defendant's current and former

19  employees within the State of California.  Complaint ¶ 39.

20      19.    For diversity purposes, "a corporation shall be deemed to be a citizen of every

21  State and foreign state by which it has been incorporated and of the State or foreign state where it

22  has its principal place of business . . . ."  28 USC § 1332(c)(1).  When determining

23  a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to

---

[1] On October 14, 2022, Defendant removed a state court class action lawsuit entitled Julio Andres Cruz v. Cambridge Real Estate Services, Inc. filed in Contra Costa County Superior Court on August 25, 2022 (Contra Costa County Superior Court Case No. C22-01788; United States District Court Case No. 3:22-cv-06075.  Seven causes of action in the instant case are identical to those in the Cruz case.  In an effort to conserve resources, Defendant used relevant employee data and the declaration of Angela Cooper from the Cruz case in this Removal.  See Sachs Declaration ¶ 3. Notably, however, the employee data utilized for the instant Removal does not include employee data after October 14, 2022.  Thus, in actuality, the number of putative class members and potential damages for purposes of calculating the amount in controversy for removal will be greater than the numbers stated in this Removal.



the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). A corporation's principal place of business is where the corporation "maintains its headquarters-provided that the headquarters is the actual center of direction, control and coordination." *Id.* (*Garcia v. Wal-Mart Stores* (C.D.Cal. Oct. 14, 2016, No. CV 16-01645-BRO (RAO)) 2016 U.S.Dist.LEXIS 142807, at *11-12.)

20.     Defendant Cambridge Real Estate Service, Inc., a corporation, is a citizen of the state where its principal place of business is located and the state under whose law it is organized. 28 U.S.C. § 1332(d)(10). Defendant Cambridge Real Estate Services is the legal employer of all employees at the Cambridge Communities in California. Cooper Decl., ¶ 5. Defendant Cambridge Real Estate Services is a corporation formed under the laws of the State of Oregon. Cooper Decl., ¶ 5. At all relevant times, its principal place of business and corporate headquarter is located in Portland, Oregon. Cooper Decl., ¶ 5. As such, Defendant Cambridge Real Estate Services is a citizen of the State of Oregon.

21.     The diversity requirements of CAFA require only that the citizen of any member of the class be diverse from any defendant. Here, because the named Plaintiff is a California citizen and because Defendant is a citizen of Oregon, the "minimal diversity" requirement under CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**D.     The Amount in Controversy Requirement Is Satisfied.**

22.     To remove a case under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, LLC, 574 U.S. at 89. In determining the amount in controversy, courts may consider "evidence outside the complaint, including affidavits or declarations, or other summary judgment type evidence relevant to the amount in controversy" at the time of removal. *Ibarra v. Manheim Invs., Inc.*, 775 F. 3d 1193, 1997 (9th Cir. 2015) (internal quotations omitted). The "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-5110-4319.1                     5                     Case No. TBD
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

23.    Defendant disputes that this class could ever be certified, and Defendant disputes that it is liable for any of Plaintiff's claims asserted in the Complaint.  Nevertheless, the aggregate amount in controversy, exclusive of interests and costs, exceeds $5,000,000.00.  28 U.S.C. § 1332(d)(2), (6).  Although Plaintiff does not plead a specific amount of damages, Defendant can demonstrate that the aggregate amount in controversy exceeds $5,000,000.00.  *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.").

24.    Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class members for all hours worked, including minimum and overtime wages.  Plaintiff additionally alleges that Defendant failed to provide Plaintiff and the putative class with meal and rest periods. Plaintiff further alleges that Defendant is liable for its failure to timely pay wages during employment, failure to provide accurate wage statements, waiting time penalties, unreimbursed business expenses, and for unlawful and unfair business practices.

25.    Plaintiff seeks the following relief on behalf of himself and the putative class:

      a.    Compensatory damages for unpaid minimum and overtime wages;

      b.    Liquidated damages for unpaid minimum wage and interest;

      c.    Compensatory wages for meal period premiums;

      d.    Compensatory damages for rest period premiums;

      e.    Penalties pursuant Labor Code § 226(e);

      f.    Penalties pursuant Labor Code § 204;

      g.    Waiting Time Penalties;

      h.    Unreimbursed business expenses;

      i.    Restitution under *Business and Professions Code* section 17200;

      j.    Attorneys' fees and costs.

26.    Defendant's notice of removal "need not contain evidentiary submissions."  *Id*. at 84.  In showing the amount in controversy, Defendant "may rely on reasonable assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019).  The amount in controversy is "simply an estimate of the total amount in dispute . . . . [and] [i]n that sense, the amount in controversy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-5110-4319.1                                    6                                    Case No. TBD
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

1    reflects the maximum recovery [a] plaintiff could reasonably recover" on a complaint at the time

2    of removal.  *Id*. at p. 927.  Moreover, "[a]n assertion that the amount in controversy exceeds the

3    jurisdictional threshold is not defeated merely because it is equally possible that the damages

4    might be less than the requisite amount."  *Id*.  (quotation marks omitted).

5        27.    It is permissible for Defendant, when the Complaint does not provide clear

6    indications of the amount in controversy, to rely on putative class members' employee data and

7    reasonably assumed violation rates based upon the Complaint when determining the amount in

8    controversy.  *See Id*.  Defendant may rely on "a chain of reasoning that includes assumptions."

9    *Ibarra v. Manheim Invs., Inc*., 775 F.3d at 1199.  Defendant does not need to "provide evidence

10    proving the assumptions correct."  *Arias*, 936 F.3d at 927.  Instead, "assumptions made part of the

11    defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable

12    ground underlying them.'"  *Id*. (citation omitted).

13        **E.    Failure to Provide Meal and Rest Periods.**

14        28.    California *Labor Code* section 512, subdivision (a) provides that employers must

15    provide meal periods, generally, for employees who work more than five hours per day, and that

16    the meal period must be an uninterrupted 30 minutes where the employee is free from all duties.

17    The California Wage Orders generally provide that employers shall offer a ten minute,

18    uninterrupted rest period per four hours of work, or a major fraction thereof.  *Brinker Restaurant

19    Corp. v. Superior Court*, 53 Cal.4th 1004, 1028-29 (2012).  *Labor Code* section 226.7 provides

20    that employers who fail to provide a meal or rest period are subject to a premium payment of one

21    hour's wages to the employee.

22        29.    Plaintiff asserts that the meal and rest period class consists of all of Defendant's

23    hourly paid, non-exempt California employees employed at any time within "at least four (4) years

24    prior to the filing of the this lawsuit to the present . . .."  Complaint, ¶ 25.

25        30.    With respect to Plaintiff's meal periods claim, the Complaint alleges that "Plaintiff

26    and the Class members were unable to take off-duty breaks or were otherwise not provided with

27    the opportunity to take required meal breaks due to Defendants' policies and practices."  *Id*.  The

28    Complaint further provides that "Class members were not provided full thirty-minute duty free

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

meal periods for work days in excess of five hours and were not compensated for one hour's

wages in lieu thereof…" *Id.*  The Complaint contends that "Class members were not provided

second full thirty-minute duty free meal periods for work days in excess of ten hours…" *Id.*  The

Complaint further contends that "Class members were required to work through at least part of

their daily meal period(s)…[m]eal periods were provided after five hours of continuous work

during a shift…" *Id.*  Finally, the Complaint alleges "Class members were restricted in their ability

to take full thirty-minute meal period or were otherwise required to remain under Defendants'

control during meal periods." *Id.*

31.    With respect to Plaintiff's rest periods claim, the Complaint alleges that "Defendant

also failed to authorize and permit Plaintiff and the Class members to take duty-free, net ten

minute rest breaks for every four hours of shift work, or major fraction thereof."  Complaint, ¶ 26.

32.    Based on the allegations that Defendant "followed a uniformly applied policies"

preventing Plaintiff and the Class members from receiving compliant meal and rest periods,

Defendant reasonably assumes one meal period violation per day and one rest period violation per

day.  *See Elizarraz v. United Rentals, Inc.*, 2019 U.S. Dist. LEXIS 62065, No. 2:18-CV-09533-

ODW(JC),  at *3-4 (C.D. Cal. Apr. 9, 2019) (finding violation rates of 50% for meal period claims

reasonable in light of pattern and practice allegations); *Avila v. Kiewit Corp.*, 789 Fed.Appx. 32,

33-34 (9th Cir. 2019), (holding that words such as "frequently" or "regularly, but not always" can

support an inference that 100% of employees received at least one violation.).

33.    From August 25, 2018 through the present, Defendant employed approximately

161 employees who worked approximately 3,132 workweeks.  Cooper Decl., ¶ 9.

34.    Utilizing a violation rate of one meal and one rest period per day, each employee's

current or final rate of pay—the premium payment—is multiplied by the number of workweeks

that the employee worked within the statutory period.  Summing this data for each employee

reveals the amount in controversy for the meal period claim is at least approximately

$2,164,503.29, and the amount in controversy for the rest period claim is at least approximately

$2,164,503.29.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**F.   Wage Statement Violations.**

35.     California *Labor Code* section 226(a) requires that nine categories of information be included on each pay stub, including: (1) gross wages earned; (2) total hours worked by each employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is being paid; (7) the employee's name and identification number or the last four digits of the employee's social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  If there is a violation, the damages are governed by *Labor Code* section 226(e), which provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees."

36.     *Labor Code* section 226(e) claims for statutory penalties have a one-year statute of limitations.  *See* Code Civ. Proc. § 340(a).  Thus, the applicable statute of limitations for this claim is from October 7, 2021 to present.

37.     Plaintiff asserts in the Complaint that "Defendant failed to provide Plaintiff and the similarly situated Employee Class members with accurate itemized wage statements in writing…" Complaint ¶ 89.  The Complaint further provides that "Defendants failed to accurately account for wages, overtime, and premium pay, including by failing to pay for all hours worked, failure to pay for all overtime hours worked and for providing deficient meal periods and rest breaks, all of which Defendant knew or reasonably should have known were owed to the Employees…" *Id.*  The Complaint contends that "Defendant also provided Plaintiff and the Class members with wage statements that failed to accurately report all hours worked and applicable hourly rates for all hours worked."  Complaint ¶ 90.  The Complaint further contends that "Plaintiff and Employee Class members are entitled to recover the greater of the actual damages of fifty ($50) for the initial

1  pay period in which a violation occurs and one hundred dollars ($100) for each violation in a

2  subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) under

3  Section 226(e)."   Complaint ¶ 95.

4      38.    Due to the language in the Complaint alleging that Defendant failed to provide

5  Plaintiff and the similarly situated Employee Class members with accurate itemized wage

6  statements, Defendant assumed a 100% violation rate for purposes of estimating damages.

7      39.    There are approximately 104 non-exempt employees employed from August 25,

8  2018 to present.  Cooper Decl., ¶ 10.  In that same time period, the total number of pay periods for

9  all class members is approximately 2,006.  Cooper Decl., ¶ 10.  The amount in controversy is

10  calculated by multiplying the number of initial pay periods for each employee by the penalty rate,

11  $50 and adding the remaining 1,902 pay periods multiplied by $100.  No individual employee's

12  penalty exceeded $4,000 in this calculation.  This results in approximately $195,400.00 ($50.00 x

13  104 + $100 x 1,902) in penalties for the *Labor Code* section 226 wage statement claim.

14      **G.    Waiting Time Penalties.**

15      40.    California *Labor Code* sections 201 and 202 require that employees be paid all

16  wages owed to them upon their termination from employment.  *Labor Code* section 203 provides

17  for waiting time penalties if an employer willfully violates these provisions.  The penalties are

18  assessed at an amount equal to the employee's daily wages for each day the wages remain unpaid,

19  up to thirty days' wages.  Cal. Lab. Code § 203.

20      41.    The waiting time penalties class consists of all of Defendant's hourly paid, non-

21  exempt California employees employed within three years preceding the filing of the Complaint.

22      42.    Plaintiff alleges in the Complaint that "[n]umerous Class members are no longer

23  employed by Defendants; they either quit Defendants' employ or were fired therefrom"… "[t]he

24  wages withheld from these Employees by Defendants remained due and owing for more than (30)

25  days from the date of separation from employment."  Complaint ¶¶106, 108.

26      43.    The number of non-exempt employees terminated or that resigned between August

27  25, 2019 through the present is approximately 78.  Cooper Decl., ¶ 11.  The average hourly rate

28  for these former employees is approximately $21.07 per hour.  Cooper Decl., ¶ 11.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-5110-4319.1                    10                    Case No. TBD
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

44.     Based upon Plaintiff's assertion that Defendant "failed" to pay all wages upon termination, Defendant assumed a 100% violation rate for the waiting time penalties. *See Kastler v. Oh My Green*, 2019 U.S. Dist. LEXIS 185484, No. 19-cv-02411-HSG, at p. *15-16 (a 100% violation rate is reasonable when based upon an unpaid wages claim because it assumes that every putative class member incurred damages for at least one other claim in the complaint).

45.     Based on this violation rate, within the Employee Data, each employee's final hourly rate of pay was multiplied by eight hours to achieve their daily rate, then multiplied by 30 days.  Summing this data for each employee reveals the amount in controversy for this claim to be approximately $394,496.88.

**H.      Unpaid Wages.**

46.     California *Labor Code* section 510(a) provides: "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

47.     The unpaid wages class consists of all of Defendant's hourly paid, non-exempt California employees employed within four years preceding the filing of the Complaint.

48.     Plaintiff alleges in the Complaint that "Defendants thus systematically underpaid Plaintiff and the Class members by failing to pay them at the required overtime rates for all hours over eight in a work shift or over forty in a work week, and all hours over twelve in a day at the required double time rate."  Complaint ¶ 16.  The Complaint further alleges that "[u]pon information and belief, the Class members were bound by similar scheduling and work policies and endured similar violations at Defendants' hands as Plaintiff." *Id.*

49.     From August 25, 2018 through the present, Plaintiff employed approximately 161 employees who worked approximately 3,132 workweeks.  Cooper Decl., ¶ 9.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

50.     Based upon Plaintiff's assertion that Defendant "systematically underpaid" by "failing" to pay for all hours worked, Defendant assumed one (1) hour of unpaid time per week per employee.  *See Kastler v. Oh My Green*, 2019 U.S. Dist. LEXIS 185484, No. 19-cv-02411-HSG, at p. *15-16 (a 100% violation rate is reasonable when based upon an unpaid wages claim because it assumes that every putative class member incurred damages for at least one other claim in the complaint).  *See also Trigueros v. Stanford Fed. Credit Union* (N.D.Cal. June 28, 2021, No. 21-cv-01079-BLF) 2021 U.S.Dist.LEXIS 120271, at *16-17 *citing Chavez v. Pratt (Robert Mann Packaging), LLC* (N.D.Cal. Apr. 5, 2019, No. 19-cv-00719-NC) 2019 U.S.Dist.LEXIS 59399 at *3-4  (*Chavez* included a general allegation that, "by failing to pay minimum wage, overtime wages, and meal and rest break premiums, [the defendant] had a 'pattern and practice' of failing to pay class members 'the wages owed to them upon discharge or resignation…Despite the plaintiff's objections, the court held that, "[b]y tying the unpaid final wage claim to his other claims, [the plaintiff] makes [the defendant's] assumption of 100% violation for unpaid wages reasonable—that is, if every putative class member incurred damages for at least one other claim in the complaint, every class member who departed [the defendant] during the statutory period was due unpaid wages.")  *See also Ramirez v. Cornerstone Bldg. Brands* (E.D.Cal. Apr. 4, 2022, No. 2:21-cv-01017-MCE-JDP) 2022 U.S.Dist.LEXIS 63673, at *11 (Given the fact that Plaintiffs did not quantify the amount of overtime in addition to the regular pay calculations they may be owed, courts have found that overtime rates of one hour per week are in order for the purposes of evaluating CAFA's amount in controversy requirement.")

51.     Based on one (1) hour of unpaid time per week, within the Employee Data, each employee's final hourly rate of pay was multiplied by the number of workweeks worked by the employee.  Summing this data for each employee reveals the amount in controversy for this claim to be approximately $432,900.66.

**I.      <u>Unreimbursed Business Expenses</u>.**

52.     California *Labor Code* section 2802(a) states that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.  Like unpaid minimum wages, overtime wages,


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

and premium wages, business expenses are recoverable as restitution under California *Business & Professions Code* section 17200.  *See Espejo v. The Copley Press, Inc*., 13 Cal.App.5th 329, 367 (2017) (*citing Cortez v. Purolator Air Filtration Products Co*., 23 Cal.4th 163 (2000)); *see also Harris v. Best Buy Stores, L.P*., 2016 WL 4073327, at *10 (N.D. Cal. 2016).

53.     The unreimbursed business expenses class consists of all of Defendant's hourly paid, non-exempt California employees employed within four years preceding the filing of the Complaint.

54.     Plaintiff alleges in the Complaint that "from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Plaintiff and the Class members to incur necessary business expenses in the course of performing their required job duties without reimbursement.  Defendants require Plaintiff and the Class members to use their cellular phones to conduct work related business and to receive scheduling and assignments when they did not have company phones or radios.  Defendants and their managers also consistently required Plaintiff to drive to other properties during his shifts and to return to property locations after hours when on call."  Complaint ¶ 36.  Plaintiff's Complaint further states, "Defendants failed to reimburse Plaintiff, and upon information and belief the Other Class members, for all mileage and personal vehicle related expenses they were required to incur when traveling on-duty at Defendants' behest. *Id.*  The Complaint further alleges that 'Defendants also failed to reimburse Plaintiff for usage of his personal tools that were required to complete his work duties." *Id.*

55.     The number of non-exempt employees between August 25, 2018 through the present is approximately 161.  Cooper Decl., ¶ 9.

56.     Based upon Plaintiff's assertion that Defendant "systematically failed" to reimburse business expenditures, Defendant assumed a $20.00 per month just for cell phone usage.  *See Kastler v. Oh My Green*, 2019 U.S. Dist. LEXIS 185484, No. 19-cv-02411-HSG, at p. *15-16 (a 100% violation rate is reasonable when based upon an unpaid wages claim because it assumes that every putative class member incurred damages for at least one other claim in the complaint). *See also Anderson v. Starbucks Corp.* (N.D.Cal. 2020) 556 F. Supp. 3d 1132  (Defendant established

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

its amount in controversy based on a reasonable low-end estimate for monthly cell phone fee of $50 in its notice of removal.)

57.     Based on a $20.00 per month cell phone reimbursement, this amount was multiplied by the total months worked during the class period.  From October, 2018 to the present, the putative class worked approximately 3,581 months.  Summing this data for each employee reveals the amount in controversy for this claim to be approximately $73,250.77.

**J.     Attorneys' Fees.**

58.     For CAFA cases, "attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).  Further, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Id.*  "The Defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.*

59.     Most of the *Labor* Code provisions for which Plaintiff seeks damages include the provision of attorneys' fees, with the exception of the claim for meal and rest period violations.

60.     In general, a 25% benchmark of the potential damages constitutes the potential attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that where attorneys' fees are permissibly used in calculating the amount in controversy, a benchmark of 25% of the common fund was appropriate).  Although this is not a per se rule, a 25% benchmark of attorneys' fees is generally reasonable. *Arias*, 936 F.3d at 928.

61.     In the case at hand, even without including the attorneys' fees, the stated amount in controversy thus far, which includes only meal and rest period violations, waiting time penalties, wage statement violations, unpaid wages, and cell phone reimbursement is approximately $5,425,054.89.  Applying a 25% benchmark to this sum results in attorneys' fees of approximately $1,356,263.72.

**II.    SERVICE OF NOTICE ON PLAINTIFFS AND STATE COURT.**

62.     Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-5110-4319.1                                    14                                    Case No. TBD
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

by the undersigned to Plaintiff's counsel of record, David Yeremian and Alvin B. Lindsay of David Yeremian & Associates, Inc., and Emil Davtyan of Davtyan Law Firm,, and a copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, for the County of Butte, where the action is currently pending, as required by 28 U.S.C. § 1446(d).

**III.    NO OTHER DEFENDANTS HAVE JOINED THE ACTION.**

63.    There are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California, for the County of Butte, bearing case number 22CV02316, to this Court pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453.

DATED:  November 18, 2022              **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:        */s/ Derek S. Sachs*
_____
Derek S. Sachs
Elaine M. McCormick
Attorneys for Defendant Cambridge Real Estate
Services, Inc.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6570-4367.1

# EXHIBIT 1

DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
2540 Foothill Blvd., Suite 201
La Crescenta, California 91214
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN LAW FIRM
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
Telephone: (818) 875-2008
Facsimile: (818) 722-3974

Attorneys for Plaintiff ALBERTO C. CORTEZ,
on behalf of himself and all others similarly situated

F I L E D

Superior Court of California
County of Butte

**10/07/2022**

Shant Elmasian, Clerk

By _____ Deputy

*Electronically FILED*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF BUTTE

| | |
|---|---|
| ALBERTO C. CORTEZ, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIDGE REAL ESTATE SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: **22CV02316**<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon.<br>Dept.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages and for All Hours Worked;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Violation of Labor Code § 226(a);<br>6. Violation of Labor Code § 221;<br>7. Violation of Labor Code § 204;<br>8. Violation of Labor Code § 203;<br>9. Failure to Reimburse Necessary Business Expenses under Labor Code § 2802; and<br>10. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

CLASS ACTION COMPLAINT

Plaintiff ALBERTO C. CORTEZ (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated non-exempt, hourly maintenance technicians, property managers, and other non-exempt workers in similar and related positions employed by Defendants in California (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants CAMBRIDGE REAL ESTATE SERVICES, INC., an Oregon corporation, and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress for these violations.

2.      Plaintiff and the Class members worked as hourly, non-exempt building and grounds maintenance employees and in other similar and related positions for Defendants. Plaintiff, and upon information and belief other similarly situated Employees, were required to perform various operational and maintenance related work tasks for Defendants' properties throughout California. Plaintiff has resided in Butte County, California and was generally employed by Defendants throughout his employment based out of Defendants' properties there. He and the other similarly situated Class members were generally asked to perform building and grounds maintenance and property management tasks along with performing repair and construction and common area upkeep tasks at Defendants' various property locations in California. He consistently worked at Defendants' behest without being paid all wages due and without being provided all required breaks. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and (1) shared similar job duties and responsibilities (2) were subjected to the same policies and practices (3) and endured similar violations at the hands of Defendants as the other Employee Class members who served in similar

1  and related positions.

2      3.    Defendants required Plaintiff and the Employees in the Class to work off the clock

3  and failed to record accurate time worked by these Employees, failed to pay them at the

4  appropriate rates for all hours worked, failed to pay all wages due and owing at termination or

5  resignation, and provided Plaintiff and the Class members with inaccurate wage statements that

6  prevented them from learning of these unlawful pay practices. Defendants also failed to provide

7  Plaintiff and the Class with lawful meal and rest periods, as Employees were required to remain

8  under Defendants' control and were not provided with the opportunity to take full uninterrupted

9  and duty-free rest periods and meal breaks, as required by the Labor Code and the applicable

10  paragraphs of the IWC Wage Orders.

11      4.    Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. is an Oregon

12  Corporation with its offices and headquarters located in Portland, Oregon, but operates and

13  manages several properties in Butte County California and in surrounding locations in California,

14  including properties in Sacramento, Oroville, and Chico, California.  Upon information and belief,

15  it also does business as CAMBRIDGE RES, INC. and possibly CAMBRIDGE MANAGEMENT

16  COMPANY. Defendant Cambridge Real Estate Services, Inc. explains in its website that it

17  "knows how important an inspired living space is for you and your family. Staffed by dedicated

18  and responsive property management and maintenance professionals, Cambridge delivers

19  unwavering commitment to exceed your expectations—all the things you expect but rarely

20  receive." Defendants are able to make such claims based on the hard work and efforts of Plaintiff

21  and the similarly situated Class members.

22      5.    This Court has jurisdiction over this Action pursuant to California Code of Civil

23  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

24  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

25  Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

26  pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the

27  obligations and liabilities giving rise to this lawsuit occurred, at least in part in Butte County

28  where Defendant operates and maintains properties, and Defendants have operated and managed

1    properties located throughout surrounding areas of California where Plaintiff and the other Class

2    members were employed.

3        6.    The true names and capacities, whether individual, corporate, associate, or

4    whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

5    unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

6    Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

7    designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

8    some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

9    this Complaint to reflect the true names and capacities of the Defendants designated herein as

10   Does 1 through 50 when their identities become known.

11       7.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in

12   all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

13   out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

14   each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

15   all respects as the employers or joint employers of Employees. Defendants, and each of them,

16   exercised control over the wages, hours or working conditions of Employees, created and

17   implemented the policies and practices that governed the employment of Plaintiff and the Class

18   members and dictated their job duties and responsibilities, or otherwise suffered or permitted

19   Plaintiff and the other Employee Class members to work, or engaged, thereby creating a common

20   law employment relationship, with the Employee Class members. Therefore, Defendants, and each

21   of them, employed or jointly employed the Employee Class members.

                                **FACTUAL BACKGROUND**

23       8.    The Employees who comprise the Class, including Plaintiff, are non-exempt

24   employees of Defendants pursuant to the applicable Wage Order of the Industrial Welfare

25   Commission ("IWC"). Upon information and belief, their employment has not been governed

26   under any collective bargaining agreements. During the period of four years prior to the filing of

27   this action through its resolution, Plaintiff and the Class members were either not paid by

28   Defendants for all hours worked or were not paid at the appropriate minimum, regular and

                                       - 4 -

overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class

members all wages due and owing, including by requiring off the clock work, failed to provide

meal and rest breaks, and failed to furnish accurate wage statements and timely pay all wages

owed, all in violation of various provisions of the California Labor Code and applicable

paragraphs of the IWC Wage Orders.

9.      During the course of Plaintiff and the Class members' employment with

Defendants, they were not paid all wages they were owed, including for all work performed

(resulting in "off the clock" work) and for all their overtime hours worked. This has resulted in

systematic and ongoing violations of the California Labor Code and relevant IWC Wage Orders.

Upon information and belief, Defendants employ other non-exempt, hourly employees as

maintenance and construction workers at their properties in California.

10.     Plaintiff was generally scheduled to work eight to ten hour shifts, for at least five

days a week and more as required, but Employees worked significantly longer than their

scheduled shifts and for which they were actually paid. Plaintiff was also scheduled

approximately once or twice per month to work a week of on-call shifts, thus totaling

approximately 10 shifts per month. In these instances, he was provided a phone or a company

radio and was instructed to keep it on all night long and to respond immediately when called.

During these on-call hours, Plaintiff was not permitted to engage in personal activities, and on

occasion has even been required to leave church to respond to a purported emergency. During

these hours, Plaintiff was also expected to remain within a half hour drive of the assigned

property locations so that he could respond promptly. Plaintiff was not compensated by

Defendants for being on call, and could only input timekeeping entries when he left to respond to

a call. When working at an assigned property during his normal work week, Defendants would

also require him to perform work tasks before and after his work shifts, and during on-call

periods, he was also required to remain under Defendants' control and to work off the clock

without being paid for those hours worked, including the time he was required to remain on-call

and prepare to respond promptly to any calls. Other off the clock work occurred when Plaintiff

was required to travel to and in between and then work at various other California properties

1    during a work shift, and Defendants have neglected to pay to Plaintiff and the Class members for

2    their work during these times.

3          11.    Despite scheduling employees to work for more than eight hours on their shifts,

4    Defendants expected Employees to arrive at work before their scheduled shift times to prepare for

5    their work shifts so they were working by the time the shift commenced. Defendants' managers

6    also required Plaintiff to continue working past the scheduled shift end times to perform various

7    job duties, and he was also expected to return to work locations when he received calls.

8          12.    In addition to this pervasive off the clock work, Defendants' managers regularly

9    contacted Plaintiff by phone or radio during off duty hours before and after his shift hours to

10    address work issues or scheduling or other job duty related items. During relevant work periods,

11    Plaintiff was expected to remain on call and promptly respond to these calls and inquiries even if

12    he was attempting to take a meal break or rest break. Additionally, during work shifts when

13    Plaintiff was required to travel from one property location to another, he was not compensated for

14    his travel time between locations. Defendants thus failed to pay for all hours worked by Plaintiff

15    and the Class members and failed to pay any overtime hours worked at applicable premium rates.

16    Plaintiff recalls thinking that every wage statement and check he received seemed to reflect many

17    fewer hours than he actually worked, and that the times were rounded and adjusted to conform

18    generally to scheduled work shifts. In fact, timekeeping entries to be recorded by Employees

19    logging into a computer and inputting shift start and end times, which were required to conform

20    generally to scheduled work times rather than actual ones.

21          13.    In addition to the above described rounding and time shaving and off the clock

22    work, Plaintiff was also required by Defendants to clock out at a specific time such as noon for

23    lunch on all his shifts so that it would appear he received a timely meal break when in fact he

24    either did not receive a meal period or took it well after five hours into his work shift. Upon

25    information and belief, Defendants committed similar violations and followed similar unlawful

26    procedures in connection with the other Class members. When Plaintiff and the Class members

27    were under Defendants' control without being compensated, including to respond to work

28    demands during off-duty times or during attempted breaks, this resulted in additional

1   compensable time that was not compensated as hours worked by Defendants. As Defendants did
2   not permit the Employees to review any of their timekeeping entries after they were submitted,
3   Plaintiff had no way of knowing if his hours were being accurately recorded and paid for payroll
4   purposes.

5          14.     Defendants' unlawful timekeeping practices consistently applied to all Employees,
6   as managers and supervisors expected time submissions to reflect they worked from their
7   scheduled shift start time to the scheduled shift end time. Additionally, Defendants' policy of
8   requiring Class members to submit nothing but shift start and end times that generally conformed
9   to shift schedules and the pervasive off the clock work addressed above, along with the on-call
10  duty days worked, further resulted in Plaintiff working past eight hours in a work shift or forty in
11  a work week without being paid at the required overtime rate.  In fact, Plaintiff's manager was
12  very strict on hours worked and recorded and would constantly instruct employees that overtime
13  hours were not an option and the timekeeping system did not record actual punch times by a
14  badge swipe or other mechanism. Instead, Plaintiff was compelled to simply input specific times
15  for shift start and end times and meal periods, and he would get in trouble with his manager if
16  these entries did not reflect scheduled hours rather than actual hours.

17         15.     Plaintiff was therefore not paid for all his hours worked at the required minimum,
18  overtime and double time wage rates due to Defendants' policy and practice of requiring him to
19  work off the clock and without pay and by unlawful rounding of hours, and Defendants thus also
20  failed to keep required records of hours worked. Defendants also failed to pay Plaintiff at the
21  required overtime rates for all hours over eight in a shift, or over forty in a work week. With work
22  shifts generally scheduled for eight hours or more, this unpaid off the clock work resulted in
23  Plaintiff and the Class members working past eight hours on a shift, which required that they be
24  paid at the correct overtime rate of 1.5 times their regular rate. The hours reflected on Plaintiff's
25  wage statements rarely comported with his own records or recollection of them, and the wage
26  statements confusingly combined identified different types of hours worked at different rates
27  without explanation.  Plaintiff remained confused as to how his overtime was calculated and paid,
28  and was compelled to simply look to ensure he was paid at least 40 hours for each week as

1  scheduled.

2      16.    Defendants thus systematically underpaid Plaintiff and the Class members by

3  failing to pay them at the required overtime rates for all hours over eight in a work shift or over

4  forty in a work week, and all hours over twelve in a day at the required double time rate. Upon

5  information and belief, the Class members were bound by similar scheduling and work policies

6  and endured similar violations at Defendants' hands as Plaintiff.

7      17.    Defendants have either failed to maintain timekeeping records for Plaintiff that

8  would permit Plaintiff to discover the nature and extent of the off the clock work Defendants

9  required and the actual hours Plaintiff worked or the breaks he received or have otherwise

10  declined to produce them to Plaintiff in response to a timely and lawful records request. By

11  failing to pay for all hours worked, and by rounding regular hours to the substantial detriment of

12  the Class members to conform generally to scheduled shift times, and by failing to record any

13  meal period beginning and ending times, Defendants have committed knowing and intentional

14  ongoing violations of the record keeping requirements under the Labor Code, including section

15  1174. Additionally, to the extent Defendants paid overtime, it was underpaid as addressed above

16  or Defendants failed to include all forms of remuneration in the regular rate used to calculate and

17  pay overtime wages, thus resulting in further underpayment of wages earned by Plaintiff and the

18  Class members.

19      18.    The failure to pay for all hours worked and underpayment of wages to Plaintiff

20  and the Class members is and has been a direct consequence of Defendants' unlawful

21  compensation policies and practices, which upon information and belief applied uniformly to the

22  Class members working at Defendants' properties throughout California. As a result of the

23  above-described unlawful requirements to work off the clock and unlawful rounding, the failure

24  to accurately record all hours worked and pay wages at the correct rates, and the other wage

25  violations they endured at Defendants' hands, Plaintiff and the Class members were not properly

26  paid all wages earned and all wages owed to them by Defendants, including when working more

27  than eight hours in any given day and/or more than forty hours in any given week.

28

19.     Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked and failing to pay minimum wages for all time worked, as required by California law. Also, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight hours a day and/or forty hours a week, and double-time rates for all hours worked in excess of twelve hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

20.     Defendants also failed to provide Plaintiff and the Class members with their required meal periods and the at least two ten-minute rest breaks required for scheduled shifts of eight hours. The above described off the clock work contributed to Defendants' common policy of failing to provide lawful meal periods to Plaintiff and the Class members, as required under the Labor Code and Paragraph 11 of the IWC Wage Order(s). Defendants similarly systematically failed to authorize and permit Plaintiff and the employee Class Members to take all required 10-minute rest breaks, as required under the Labor Code and Paragraph 12 of the IWC Wage Order(s).

21.     Plaintiff and the Class members generally worked shifts that entitled them to receive at least one meal period and two rest breaks. However, Defendants failed to provide all required meal periods and rest breaks to them. Defendants' uniformly applied policies and practices systematically failed to provide required duty-free meal periods to Plaintiff and the Class members, and Defendants did not even attempt to schedule meal periods. Instead, Plaintiff and the Class members were expected to continue working throughout their shifts and to input meal period start and end times showing compliant meal periods when in fact they were never taken or they were taken well after five hours into a work shift or were otherwise shortened unlawfully, including by requiring Plaintiff and the Class members to remain under Defendants' control and respond to work demands or telephone or radio calls. If and when Plaintiff was able to attempt to take a meal break, it was therefore also not duty-free. Defendants therefore failed to provide meal periods, provided them untimely, or else provided impermissibly shortened meal

periods where employees remained on-call to perform duties when needed and had to hurry back to work. Upon information and belief, the Class members endured similar meal period violations at Defendants' hands. On the occasions when Plaintiff and the Class members worked over ten hours on a shift, they did, Defendants failed to provide them with a second uninterrupted and duty-free and timely meal period.

22.     Defendants thus followed a uniformly applied policies of not providing all required meal periods to their Employees. Meal periods were often not provided at all during a work shift, as work and production demands and management pressure required Employees to work through breaks or to take them well after five hours of work on a shift. However, even when Plaintiff and the Class members were able to take a meal period, it was provided for less than the required time or was otherwise interrupted by work duties, and Employees were not free to leave the property premises during breaks and were required to respond to calls and manager inquiries and instructions during breaks.

23.     Defendants thus failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other Class members, as required by the applicable Wage Order and Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Employees. Plaintiff and other Class members were required to perform work as ordered by Defendants or otherwise remain under Defendants' control for more than five hours during a shift, or ten hours in a shift, but were often required to do so without receiving a lawful, timely, and duty-free 30-mintue meal breaks. Additionally, as addressed above, Defendants followed a practice of requiring off the clock work, in a manner that would impact when Employees were to receive meal periods and rest breaks, thus leading to further violations.

24.     As a result, Defendants' failure to provide Plaintiff and the Class members with all legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof. Defendants have either failed to maintain required records of when meal periods were actually provided or failed to

produce them in response to Plaintiff's timely and lawful requests, or else maintained inaccurate and incomplete records. Defendants also failed to pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided. Upon information and belief, if and when Defendants did pay any meal period premiums, they failed to include all forms of remuneration in the regular rate used to calculate and pay it.

25.    Therefore, for at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required meal breaks due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members were provided with a meal period, it was often untimely or interrupted, or was impermissibly shortened, and Employees were not provided with one hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a)    Class members were not provided full thirty-minute duty free meal periods for work days in excess of five hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)    Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten hours;

(c)    Class members were required to work through at least part of their daily meal period(s);

(d)    Meal periods were provided after five hours of continuous work during a shift; and

(e)    Class members were restricted in their ability to take a full thirty-minute meal period or were otherwise required to remain under Defendants' control during meal periods.

CLASS ACTION COMPLAINT

26.     Defendants also failed to authorize and permit Plaintiff and the Class members to take duty-free, net ten minute rest breaks for every four hours of shift work, or major fraction thereof. There were similar issues with the required net ten-minute rest breaks that Plaintiff and the Class members were unable to take as with meal periods. This was exacerbated by the fact that Defendants made no efforts to schedule and otherwise authorize and permit Plaintiff and the Class members to take their required ten minute rest breaks. Defendants also failed to authorize and permit Plaintiff and the Class members to take their required duty-free, net ten-minute rest periods. As rest breaks were not scheduled, Defendants' policy was not to provide them, and management did not emphasize the requirement to provide at least one ten-minute duty-free rest period for each four-hour duty period, or major fraction thereof. If and when Plaintiff was permitted to take a ten-minute rest break on a shift, he was not permitted to take a second one or a third one or any breaks were untimely or impermissibly shortened.

27.     Therefore, the job requirements and duties required of Plaintiff and the Class members, and the demands from supervisors, manifested a failure to authorize and permit Class members to take all their required rest breaks. Plaintiff and the other similarly situated Class members were either not authorized permitted the opportunity to take a rest break, or were required to remain under Defendants' control and respond to instructions. Defendants also failed to authorize and permit Employees to leave the property premises during rest breaks, or else prevented them from doing so, thus further evidencing Defendants' policy and practice of requiring Plaintiff and the Class members to remain under their control during required off-duty rest breaks.

28.     Defendants' policies and practices thus systematically deny and denied Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. The California Supreme Court has instructed that the rest period requirement obligates employers to permit-and authorizes employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. Plaintiff and the Class members were and are under Defendants' control when they are working through rest breaks, and Defendants failed to schedule or account

CLASS ACTION COMPLAINT

for required first, second, and third rest breaks during the shifts Plaintiff and the Class members generally worked.

29.     Plaintiff and the Employees in the Class were not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through or during breaks, and were not provided with one hour's wages in lieu thereof. They were required to remain on duty during breaks or portions of their breaks, thus making them either untimely or shortened and on-duty, and they were also prevented from leaving the premises during rest breaks under Defendants' policies and practices. Rest period violations therefore arose in one or more of the following manners:

(a)     Class members were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and were not compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided, and to the extent Defendants paid any premiums, they failed to include all forms of remuneration in the regular rate used to calculate and pay them.

(b)     Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c)     Class members were required to remain on duty and under Defendants' control during rest periods or otherwise had their rest periods interrupted by work demands.

30.     From at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting or deducting the Employees' earned wages, including by the above described off the clock work before and after work shifts and automatically deducting hours for unpaid meal periods Defendants failed to provide. By not compensating Employees for all hours worked, and not recording any break times or permitting off-duty breaks, Defendants unlawfully deducted wages earned by and owed to Plaintiff and the Class members, in violation of Labor Code § 221.

CLASS ACTION COMPLAINT

31.    As a result of the above described illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members he seeks to represent:

    a.    failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

    b.    failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of Labor Code § 204;

    c.    failing to pay Class members all wages owed, including all meal and rest period premium wages;

    d.    failing to maintain accurate records of Class members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders; and

    e.    failing to produce timekeeping records in response to Plaintiff's timely and lawful request to receive them under these authorities.

32.    From at least four years prior to the filing of this lawsuit, and continuing to the present, Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work, failure to pay all overtime, and failure to pay premium wages for unprovided or otherwise unlawful meal and rest breaks. Defendants have also made it difficult to account with precision for the unlawfully withheld wages and meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained or were not accurately maintained for work shifts and meal periods. Defendants also failed to accurately record and pay for all regular and overtime hours worked by Plaintiff and the Class members.

CLASS ACTION COMPLAINT

33.     Defendants also provided Plaintiff and the Class members with wage statements that failed to accurately report all hours worked and applicable hourly rates for all hours worked, including by reflecting rounded hours to the Employees' detriment and otherwise requiring off the clock work. For the same reasons as explained above, Plaintiff and the Class members were provided with unlawful wage statements that failed to reflect all hours worked by only paying for his scheduled hours rather than his actual hours and failed to pay for all overtime hours, including at the correct overtime rate. Defendants followed this unlawful policy and practice even though both Plaintiff and Defendants were aware that Plaintiff and the Class members worked more total hours than were reflected on the wage statements including overtime hours. Plaintiff and the Employees in the Class were unable to discern from their wage statements alone the actual hours they worked in total during a pay period and the rates they were paid for those hours worked.

34.     Defendants have thus also failed to comply with Labor Code § 226(a) by issuing wage statements that inaccurately reported total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, and failed to list the correct employer's name and address, among other requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members.

35.     Defendants required Plaintiff and the Class members to work hours off the clock for which they were not compensated and engaged in systematic rounding to the detriment of Employees, and Defendants also failed to pay all overtime premium wages owed for work conducted on a work shift and a workday, as addressed above. Therefore, from at least three or four years prior to filing this lawsuit and continuing to the present, Defendants have also followed a uniform and consistent policy of failing to pay all wages owed to Plaintiff and other similarly situated Employees at the time of their termination or within seventy-two hours of their

1    resignation, as required by California wage-and-hour laws. Defendants also failed to pay all wages

2    owed to those Class members at the time they were terminated or otherwise separated from

3    employment.

4        36.    Additionally, from at least four years prior to the filing of this lawsuit and

5    continuing to the present, Defendants have regularly required Plaintiff and the Class members to

6    incur necessary business expenses in the course of performing their required job duties without

7    reimbursement. Defendants required Plaintiff and the Class members to use their cellular phones

8    to conduct work related business and to receive scheduling and assignments when they did not

9    have company phones or radios.  Defendants and their managers also consistently required

10   Plaintiff to drive to other properties during his shifts and to return to work property locations after

11   hours when on call. However, Defendants failed to reimburse Plaintiff, and upon information and

12   belief the other Class members, for all mileage and personal vehicle related expenses they were

13   required to incur when traveling on-duty at Defendants' behest. Defendants also failed to

14   reimburse Plaintiff for usage of his personal tools that were required to complete his work duties.

15   Plaintiff was frequently required to use his own vehicle for performing work related job duties,

16   including driving between Defendants' property locations and back,  and was never reimbursed for

17   gas and mileage or vehicle wear and tear. Plaintiff and the Class members must be reimbursed for

18   these necessary business expenses under Labor Code § 2802 and Defendants systematically failed

19   to do so.

20       37.    In light of the foregoing, Plaintiff and the Employees in the Class bring this action

21   pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510,

22   511, 512, 558, 1174, 1185, 1194, 1194.2, 1197, and 2802, and California Code of Regulations,

23   Title 8, section 11000 *et seq.*

24       38.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff

25   and the Class members seek injunctive relief, restitution, and disgorgement of all benefits

26   Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or

27   fraudulent practices alleged in this Complaint.

28

CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

39.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed as non-exempt, hourly maintenance technicians and in similar and related positions at Defendants' properties within the State of California." Further, Plaintiff seeks to represent the Subclasses composed of and defined as follows:

a.      Subclass 1.  Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.      Subclass 2.  Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c.      Subclass 3.  Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d.      Subclass 4.  Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e.      Subclass 5.  Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f.      Subclass 6.  Unauthorized Deductions from Wages Subclass. All Class members who were subject to Defendants' policy and/or practice of deducting wages earned from their pay, including by requiring off the clock work.

g.      Subclass 7.  Failure to Timely Pay Wages Twice Monthly Subclass. All Class members who were subject to Defendants' policy and practice of not timely paying all wages

- 17 -

1     earned when they were due and payable at least twice monthly.

2          h.      Subclass 8. Termination Pay Subclass. All Class members who, within the

3 applicable limitations period, either voluntarily or involuntarily separated from their employment

4 and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

5 termination.

6          i.      Subclass 9. Expense Reimbursement Subclass. All Class members who incurred

7 necessary and reasonable expenses in connection with performing their job duties for Defendants

8 and who were subject to a policy and/or practice under which such expenses were not reimbursed.

9          j.      Subclass 10. UCL Subclass. All Class members who are owed restitution as a

10 result of Defendants' business acts and practices, to the extent such acts and practices are found to

11 be unlawful, deceptive, and/or unfair.

12        40.      Plaintiff reserves the right under California Rule of Court 3.765 to amend or

13 modify the class description with greater particularity or to provide further division into subclasses

14 or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class

15 against Defendants, the Class Period should be adjusted accordingly.

16        41.      Defendants, as a matter of company policy, practice and procedure, and in violation

17 of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements,

18 and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

19 in a practice whereby Defendants failed to correctly calculate and pay compensation for the time

20 worked by Plaintiff and the other members of the Class, even though Defendants enjoyed the

21 benefit of this work, required Employees to perform this work and permitted or suffered to permit

22 this work. Defendants have uniformly denied these Class members wages to which these

23 employees are entitled, and failed to provide meal periods or authorize and permit rest periods, in

24 order to unfairly cheat the competition and unlawfully profit.

25        42.      This action has been brought and may properly be maintained as a class action

26 under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

27 of interest in this litigation and the proposed Class is easily ascertainable from the employment

28 records for Plaintiff and the Class members that Defendants are required to maintain under

1    California law.

2    **A.    Numerosity**

3    43.    The potential members of the Class as defined are so numerous that joinder of all

4    the Class members is impracticable. While the precise number of Class member has not been

5    determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

6    time period relevant to this lawsuit employed, at least 100 Employees who satisfy the Class

7    definition within the State of California. Plaintiff alleges that Defendants' employment records

8    will provide information as to the number and location of all Class members.

9    **B.    Commonality**

10    44.    There are questions of law and fact common to the Class that predominate over any

11    questions affecting only individual Class members. The common questions are numerous and

12    substantial and flow from Defendants' uniform policies and/or practices of violating the California

13    Labor Code addressed above. As such, these common questions predominate over individual

14    questions concerning each individual Class Member's showing as to his or her eligibility for

15    recovery or as to the amount of damages. These common questions of law and fact include:

16    a.    Whether Defendants failed to pay Employees minimum wages;

17    b.    Whether Defendants failed to pay Employees wages for all hours worked;

18    c.    Whether Defendants failed to pay Employees overtime as required under Labor

19    Code § 510;

20    d.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

21    IWC Wage Orders, by failing to provide Employees with requisite meal periods or

22    premium pay in lieu thereof;

23    e.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage

24    Orders, by failing to authorize and permit Employees to take requisite rest breaks

25    or provide premium pay in lieu thereof;

26    f.    Whether Defendants violated Labor Code § 226(a) by providing Employees with

27    inaccurate wage statements and wage statements that omitted many of the Section

28    226(a) requirements.

g.    Whether Defendants violated Labor Code § 221;

h.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

i.    Whether Defendants' conduct was willful;

j.    Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

k.    Whether Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

l.    Whether Defendants violated Labor Code § 204 by failing to pay Employees all wages earned at least twice monthly;

m.    Whether Defendants violated Labor Code § 2802 by failing to reimburse necessary business expenses incurred by Employees;

n.    Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

o.    Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq.*

**C.    Typicality**

45.    The claims of the named Plaintiff are typical of those of the other Employees. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct and uniformly applied policies in violation of statutes, as well as regulations, that have the force and effect of law, as alleged herein. Plaintiff's claims for the off the clock work and meal and rest violations they were required to endure are typical of those of the other Class members.

**D.    Adequacy of Representation**

46.    Plaintiff will fairly and adequately represent and protect the interest of the Employee Class members. Counsel who represents Plaintiff and the Employees in the Class are experienced and competent in litigating employment class actions.

- 20 -
CLASS ACTION COMPLAINT

### E.    Superiority of Class Action

47.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee in the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

48.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

49.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

50.    Defendants, as prospective and actual employers of the Employees in the Class, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced

upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

51.    Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation tolled until such time as Plaintiff and the Class members discovered their claims.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants)

52.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

53.    Defendants failed to pay Employees minimum wages they were owed, including by their consistent policy of failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work and unlawful rounding, including all the time required to remain on duty and under Defendants' control and during breaks and due to the work demands placed upon them by Defendants' management. Defendants also imposed difficult to attain job and shift scheduling requirements on Plaintiff and the Class members and required them to list or otherwise record hours worked as scheduled rather than as actually worked, which resulted in off the clock work and underpayment of all wages owed to Employees over a period of time, while benefiting Defendants. During the relevant Class Period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by requiring systematic off the clock work. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that

1  denied accurate compensation to Plaintiff and the other members of the Class as to minimum

2  wage pay.

3      54.    In California, employees must be paid at least the then applicable state minimum

4  wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014,

5  and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Paragraph 2(H)

6  of the applicable IWC Wage Orders defines "Hours Worked" as "the time during which an

7  employee is subject to the control of an employer and includes all the time the employee is

8  suffered or permitted to work, whether or not required to do so." Additionally, pursuant to Labor

9  Code § 204, other applicable laws and regulations, and public policy, an employer must timely

10 pay its employees for all hours worked. Defendants failed to do so.

11     55.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

12 states: "The minimum wage for employees fixed by the commission is the minimum wage to be

13 paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

14     56.    The applicable minimum wage rate fixed by the commission for work during the

15 relevant period is found in the Wage Orders.

16     57.    The minimum wage provisions of California Labor Code are enforceable by private

17 civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to

18 work for a lesser wage, any employee receiving less than the legal minimum wage or the legal

19 overtime compensation applicable to the employee is entitled to recover in a civil action the

20 unpaid balance of the full amount of this minimum wage or overtime compensation, including

21 interest thereon, reasonable attorney's fees and costs of suit."

22     58.    As described in California Labor Code §§ 1185 and 1194.2, any action for wages

23 incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

24 California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

25 Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

26 all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in

27 the absence of a contractually agreed upon one. The underpayment of wages to Plaintiff and the

28 Class members is and has been a direct consequence of Defendants' unlawful compensation

CLASS ACTION COMPLAINT

1   policies and practices, which applied uniformly to the Class members working at locations and

2   work sites throughout California.

3       59.    In committing the above-described violations of the California Labor Code,

4   Defendants inaccurately recorded, or required Plaintiff and the Class members to input times that

5   did not reflect their actual hours worked, or calculated the correct time worked and consequently

6   underpaid the actual time worked by Plaintiff and other members of the Class, including by

7   requiring off the clock work and rounding and refusing to pay all incurred overtime, as addressed

8   in detail above. Defendants acted in an illegal attempt to avoid the payment of all earned wages,

9   and other benefits in violation of the California Labor Code, the Industrial Welfare Commission

10  requirements and other applicable laws and regulations. As a result of these violations, Defendants

11  also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

12      60.    California Labor Code § 1194.2 also provides for the following remedies: "In any

13  action under Section 1194 . . . to recover wages because of the payment of a wage less than the

14  minimum wages fixed by an order of the commission, an employee shall be entitled to recover

15  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

16      61.    In addition to restitution for all unpaid wages, pursuant to California Labor Code §

17  1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial

18  failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to

19  pay each employee minimum wages.

20      62.    Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are

21  further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and

22  interest thereon.

23      63.    Defendants have the ability to pay minimum wages for all time worked and have

24  willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

25  indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

26      64.    Wherefore, Plaintiff and the Employee Class members are entitled to recover the

27  unpaid minimum wages (including double minimum wages), liquidated damages in an amount

28  equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees

and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory and/or civil penalties against Defendants, in a sum as provided by the California Labor Code, including § 558, and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 for failure to pay all wages owed twice monthly and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

65.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

66.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

67.     By their conduct, as set forth herein, Defendants violated Labor Code § 1194 and Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a workday or in excess of forty hours in

CLASS ACTION COMPLAINT

1  any workweek or for the first eight hours worked on the seventh day of work in any one

2  workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any

3  one day or for hours worked in excess of eight hours on any seventh day of work in a workweek.

4  Defendants had a consistent policy of not paying Employees wages for all hours worked,

5  including by requiring off the clock work and rounding as addressed above and by under-reporting

6  actual hours worked. With work shifts generally being scheduled for eight hours or more, this

7  unpaid off the clock work resulted in Plaintiff and the Class members working past eight hours on

8  a shift, which required that they be paid at the correct overtime rate of 1.5 times their regular rate.

9      68.     Defendants thus had a consistent policy of not paying Employees wages for all

10  hours worked, including hours at their required regular, overtime, and double-time rates.

11  Defendants required Plaintiff and the Class members to work off the clock to avoid paying all

12  their earned and owed straight time and overtime wages and other benefits, in violation of the

13  California Labor Code, the California Code of Regulations and the IWC Wage Orders and

14  guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also

15  violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees

16  to work through meal periods when they were required to be clocked out or to otherwise work off

17  the clock to complete their daily job duties or to attend and participate in company required

18  activities or remain under Defendants' control. Therefore, Employees were not properly

19  compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a

20  given day, and/or forty hours in a given week. Based on information and belief, Defendants did

21  not make available to Employees a reasonable protocol for correcting time records when

22  Employees worked overtime hours or to fix incorrect time entries or those that Defendants

23  unlawfully under-recorded to the Employee's detriment, as Defendants required time records to

24  generally reflect scheduled shift times. Defendants also under-paid Plaintiff and the putative Class

25  members all wages by systematically miscalculating and underpaying overtime wages they earned,

26  as detailed above.

27      69.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of

28  regular wages owed and overtime compensation for all hours worked, as required by California

CLASS ACTION COMPLAINT

1    law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable

2    IWC Wage Order, and is therefore unlawful.

3        70.    Additionally, Labor Code § 558(a) provides "any employer or other person acting

4    on behalf of an employer who violates, or causes to be violated, a section of this chapter or any

5    provisions regulating hours and days of work in any order of the IWC shall be subject to a civil

6    penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each

7    pay period for which the employee was underpaid in addition to an amount sufficient to recover

8    underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each

9    underpaid employee for each pay period for which the employee was underpaid in addition to an

10   amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall

11   be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in

12   this section are in addition to any other civil or criminal penalty provided by law." Defendants

13   have violated provisions of the Labor Code regulating hours and days of work as well as the IWC

14   Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor

15   Code § 558.

16       71.    Defendants' failure to pay compensation in a timely fashion also constituted a

17   violation of California Labor Code § 204, which requires that all wages shall be paid

18   semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

19   violation of that provision of the California Labor Code, Defendants have failed to pay all wages

20   and overtime compensation earned by Employees. Each such failure to make a timely payment of

21   compensation to Employees constitutes a separate violation of California Labor Code § 204.

22       72.    Employees have been damaged by these violations of California Labor Code §§

23   204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under

24   Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less

25   than $100 for causing Employees "to work for longer hours than those fixed, or under conditions

26   of labor prohibited by an order of the commission" or if the employer pays "a wage less than the

27   minimum fixed by an order of the commission" or "violates…any provision of this chapter or

28   any order or ruling of the commission."

73.     Consequently, pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, 1174, 1194, 1198, 1199, and the relevant paragraphs of the IWC Wage Orders, including paragraphs 2(K), 2(S), 3(A), 4, and 20, Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation for all their hours worked, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

## THIRD CAUSE OF ACTION

## MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7

### (Against All Defendants)

74.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

75.     Employees regularly worked shifts greater than five hours and in some instances, greater than ten hours. Pursuant to Labor Code § 512, and paragraph 11 of the applicable IWC Wage Order, an employer may not employ someone for a shift of more than five hours without providing him or her with a meal period of not less than thirty minutes or for a shift of more than ten hours without providing him or her with a second meal period of not less than thirty minutes.

76.     Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Order. Employees were often required to work or to otherwise remain under Defendants' control during meal periods, or Defendants provided them after Employees worked beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted by work demands and requirements to remain under Defendants' control during off the clock time. Furthermore, upon information and belief, on the occasions when Employees worked more than ten hours in a given shift, they did so without receiving a second uninterrupted thirty-minute meal period as required by law.

77.     Defendants thus failed to provide Plaintiff and the Class members with meal periods as required by the Labor Code and paragraph 11 of the applicable IWC Wage Order, including by not providing them with the opportunity to take meal breaks, by providing them late

1    or for less than thirty minutes, or by requiring them to perform work during breaks.

2        78.    Moreover, Defendants failed to compensate Employees for each meal period not

3    provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and

4    20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an

5    employee a meal period in accordance with this section, the employer shall pay the employee one

6    hour of pay at the employee's regular rate of compensation for each workday that the meal period

7    is not provided. Defendants failed to compensate the Employees in the Class for each meal period

8    not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11

9    and 20 of the applicable IWC Wage Order.

10        79.    Therefore, pursuant to Labor Code § 226.7 and paragraphs 11 and 20 of the

11    applicable IWC Wage Order, Employees in the Class are entitled to damages in an amount equal

12    to one hour of wages at their effective hourly rates of pay for each meal period not provided or

13    deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory

14    penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and

15    other statutes and applicable IWC Wage Order paragraphs.

## FOURTH CAUSE OF ACTION

### REST-BREAK LIABILITY UNDER LABOR CODE § 226.7

#### (Against All Defendants)

19        80.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

20    full herein.

21        81.    Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders

22    provide that employers must authorize and permit all employees to take rest periods at the rate of

23    ten minutes net rest time per four work hours.

24        82.    Employees consistently worked consecutive four hour shifts and were generally

25    scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and

26    permit them to take rest periods. Pursuant to the Labor Code and paragraph 12 of the applicable

27    IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten minutes for

28    each consecutive four hour shift, and Defendants failed to provide Employees with timely rest

breaks of not less than ten minutes for each consecutive four hour shift. Defendants made no efforts to authorize and permit rest breaks or otherwise schedule them, and Employees were often required to work or to otherwise remain under Defendants' control during rest periods, and had breaks provided untimely as a result of the above described off the clock work. Plaintiff and the Class members were also not permitted to leave their work premises during any rest breaks they were able to take.

83.    Labor Code §§ 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

84.    Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

85.    Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders.

86.    Therefore, pursuant to Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

87.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

88.    California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

89.    Defendants failed to provide Plaintiff and the similarly situated Employee Class members with accurate itemized wage statements in writing, as required by the Labor Code and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay, including by failing to pay for all hours worked, failure to pay for all overtime hours worked and for providing deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to the Employees, as alleged above.

90.    Defendants also provided Plaintiff and the Class members with wage statements that failed to accurately report all hours worked and applicable hourly rates for all hours worked. Plaintiff and the Employees in the Class were unable to discern from their wage statements alone the actual hours they worked in total during a pay period.

91.    Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226 and paragraph 7 of the applicable IWC Wage Orders, amongst other statutory

1  requirements. Defendants knowingly and intentionally failed to provide Plaintiff and the Class

2  members with such timely and accurate wage and hour statements.

3      92.    Plaintiff and the Class members suffered injury as a result of Defendants' knowing

4  and intentional failure to provide them with the wage and hour statements as required by law and

5  are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the

6  Defendants have failed to provide an accurate wage statement, failed to provide accurate and

7  complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9),

8  inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the

9  wage statement alone one or more of the following: (i) The amount of the gross wages or net

10  wages paid to the employee during the pay period or any of the other information required to be

11  provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of

12  subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net

13  wages paid to the employee during the pay period, (iii) The name and address of the employer

14  and, (iv) The name of the employee and only the last four digits of his or her social security

15  number or an employee identification number other than a social security number. For purposes

16  of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an

17  objective standard] would be able to readily ascertain the information without reference to other

18  documents or information.

19      93.    Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers

20  are required "to pay each employee, on the established payday for the period involved, not less

21  than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor

22  Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order

23  or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members

24  may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph

25  4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable

26  IWC Wage Orders.

27      94.    Therefore, as a direct and proximate cause of Defendants' violation of Labor Code

28  § 226(a) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, the Employees in the

1  Class suffered injuries, including among other things confusion over whether they received all

2  wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing

3  them to make mathematical computations to analyze whether the wages paid in fact compensated

4  them correctly for all hours worked.

5       95.    Pursuant to Labor Code §§ 226(a) and 226(e), and paragraph 20 of the applicable

6  IWC Wage Order, Plaintiff and the Employee Class members are entitled to recover the greater of

7  all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

8  one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an

9  aggregate penalty of four thousand dollars ($4,000) under Section 226(e). They are also entitled to

10  an award of costs and reasonable attorneys' fees.

11  **SIXTH CAUSE OF ACTION**

12  **VIOLATION OF LABOR CODE § 221**

13  **(Against All Defendants)**

14       96.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

15  full herein.

16       97.    Labor Code § 221 provides, "It shall be unlawful for any employer to collect or

17  receive from an employee any part of wages theretofore paid by said employer to said employee."

18  Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and

19  public policy, an employer must timely pay its employees for all hours worked. Defendants failed

20  to do so.

21       98.    Defendants unlawfully received and/or collected wages from the Employees in the

22  Class by implementing a policy understating the hours worked by Employees and by rounding and

23  requiring off the clock work, as alleged above.

24       99.    As a direct and proximate cause of the unauthorized deductions, Employees have

25  been damaged, in an amount to be determined at trial.

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

100.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

101.    Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. This included failing to pay all wages due and owing to Plaintiff and the Class members for all hours they worked.

102.    All wages due and owing to Plaintiff and the Class members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

103.    Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in

CLASS ACTION COMPLAINT

the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

104. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**EIGTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

105. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

106. Numerous Class members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

107. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation, as addressed in detail above.

108. The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

109. Defendants failed to pay these Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the clock work or by unlawfully under-recording time entries and rounding to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

110.     Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, ..." Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff on behalf of these Class members may therefore pursue damages and penalties for violations of Labor Code § 203 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.  Also, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates...any provision of this chapter or any order or ruling of the commission."

111.     Defendants' failure to pay wages, as alleged, entitles these former Employee Class members to penalties under Labor Code § 203 and the applicable paragraphs of the IWC Wage Orders as addressed above, including the requirement that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## NINTH CAUSE OF ACTION

### FOR FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES

### UNDER LABOR CODE § 2802

#### (Against All Defendants)

112.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

113.     Plaintiff and the Class are informed and believe and based thereon allege that throughout the period applicable, Defendants required Plaintiff and the Class members to pay for necessary work related expenses they incurred. Defendants required Plaintiff and the Class members to use their cellular phones to conduct work related business and to receive scheduling and assignments when they did not have company phones or radios.  Defendants and their managers also consistently required Plaintiff to drive to other properties during his shifts and to

CLASS ACTION COMPLAINT

return to work property locations after hours when on call. However, Defendants failed to reimburse Plaintiff, and upon information and belief the other Class members, for all mileage and personal vehicle related expenses they were required to incur when traveling on-duty at Defendants' behest. Defendants also failed to reimburse Plaintiff for usage of his personal tools that were required to complete his work duties. Plaintiff was frequently required to use his own vehicle for performing work related job duties, including driving between Defendants' property locations and back, and was never reimbursed for gas and mileage or vehicle wear and tear. Plaintiff and the Class members must be reimbursed for these necessary business expenses under Labor Code § 2802 and Defendants systematically failed to do so.

114.    Defendants thus followed a uniform policy and practice of failing to reimburse Employees for these necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

115.    Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Class members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. As Defendants failed to inform and misled Plaintiff and the Class members with regard to their rights, Plaintiff and the Class members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment.

116.    Therefore, Plaintiff and the Class members are entitled to reimbursement for any and all necessary work related expenses, as provided for in Labor Code § 2802(b) and paragraph 9 of the applicable IWC Wage Orders, incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class members incurred those expenses. Further, Plaintiff and the Class members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

///

///

**TENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

117.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

118.     Plaintiff, on behalf of himself, the Employees in the Class, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

119.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, have suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

120.     Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

121.     Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to

CLASS ACTION COMPLAINT

1  comply with minimum labor standards.

2      122.    Defendants have violated statutes and public policies. Through the conduct alleged

3  in this Complaint, Defendants have acted contrary to these public policies, have violated specific

4  provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

5  violation of Business & Professions Code § 17200 *et seq.*; which conduct has deprived Plaintiff,

6  and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

7  guaranteed to all employees under the law.

8      123.    Defendants' conduct, as alleged above, constitutes unfair competition in violation

9  of the Business & Professions Code § 17200 *et seq.*

10      124.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

11  overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

12  reasonable care should have known that their conduct was unlawful; therefore their conduct

13  violates the Business & Professions Code § 17200 *et seq.*

14      125.    By the conduct alleged herein, Defendants have engaged and continue to engage in

15  a business practice which violates California and federal law, including but not limited to, the

16  applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor

17  Code including Sections 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 for which this Court

18  should issue declaratory and other equitable relief pursuant to California Business & Professions

19  Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

20  competition, including restitution of wages wrongfully withheld.

21      126.    As a proximate result of the above-mentioned acts of Defendants, Employees have

22  been damaged, in a sum to be proven at trial.

23      127.    Unless restrained by this Court, Defendants will continue to engage in the unlawful

24  conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make

25  such orders or judgments, including the appointment of a receiver, as may be necessary to prevent

26  the use by Defendants or their agents or employees of any unlawful or deceptive practice

27  prohibited by the Business & Professions Code, including but not limited to the disgorgement of

28  such profits as may be necessary to restore Employees to the money Defendants have unlawfully

1    failed to pay.

2                              **RELIEF REQUESTED**

3        WHEREFORE, Plaintiff prays for the following relief:

4        1.      For an order certifying this action as a class action;

5        2.      For compensatory damages in the amount of the unpaid minimum wages for work

6    performed by Employees and unpaid overtime compensation from at least four (4) years prior to

7    the filing of this action, as may be proven;

8        3.      For liquidated damages in the amount equal to the unpaid minimum wage and

9    interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

10       4.      For compensatory damages in the amount of all unpaid wages, including overtime

11   and double-time pay, as may be proven;

12       5.      For compensatory damages in the amount of the hourly wage made by Employees

13   for each missed or deficient meal period where no premium pay was paid therefor from four (4)

14   years prior to the filing of this action, as may be proven;

15       6.      For compensatory damages in the amount of the hourly wage made by Employees

16   for each day requisite rest breaks were not provided or were deficiently provided where no

17   premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may

18   be proven;

19       7.      For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

20       8.      For restitution and/or damages and penalties for Defendants' failure to pay all

21   wages due twice monthly under Labor Code § 204, as may be proven;

22       9.      For restitution and/or damages for all amounts unlawfully withheld from the wages

23   for all class members in violation of Labor Code § 221, as may be proven;

24       10.     For penalties pursuant to Labor Code § 203 for all Employees who quit or were

25   fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

26       11.     For damages and restitution for failure to reimburse all reasonable and necessary

27   business expenses incurred by Employees as required by Labor Code § 2802, as may be proven;

28       12.     For liquidated damages pursuant to California Labor Code 1194.2(a) for failure to

- 40 -

1  pay minimum wage;

2       13.    For restitution for unfair competition pursuant to Business & Professions Code

3  § 17200 *et seq.*, including disgorgement or profits, as may be proven;

4       14.    For an order enjoining Defendants and their agents, servants, and employees, and

5  all persons acting under, in concert with, or for them, from acting in derogation of any rights or

6  duties adumbrated in this Complaint;

7       15.    For other wages and penalties under the Labor Code as may be proven;

8       16.    For all general, special, and incidental damages as may be proven;

9       17.    For an award of pre-judgment and post-judgment interest;

10       18.    For an award providing for the payment of the costs of this suit;

11       19.    For an award of attorneys' fees; and

12       20.    For such other and further relief as this Court may deem proper and just.

13

14  DATED:  October 7, 2022              DAVID YEREMIAN & ASSOCIATES, INC.

15

16                            By _____

17                            David Yeremian
                          Alvin B. Lindsay

18                            Attorneys for Plaintiff ALBERTO C.
                          CORTEZ, on behalf of himself

19                            and all others similarly situated

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4      DATED:  October 7, 2022                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                               By _____
                                                   David Yeremian
7                                                  Alvin B. Lindsay
                                                   Attorneys for Plaintiff ALBERTO C.
8                                                  CORTEZ, on behalf of himself
                                                   and all others similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

RECEIVED OCT 24 2022

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAMBRIDGE REAL ESTATE SERVICES, INC., an Oregon
corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALBERTO C. CORTEZ, an individual, on behalf of himself and others
similarly situated

F
I
L
E
D

Superior Court of California
County of Butte

**10/07/2022**

Sharif Elmallah, Clerk

By _____ Deputy

*Electronically FILED*

F
I
L
E
D

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Butte County<br><br>1775 Concord Avenue<br>Chico, CA 95928 | CASE NUMBER:<br>*(Número del Caso):* **22CV02316** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David Yeremian, 2540 Foothill Blvd., Suite 201, La Crescenta, CA 91214  (818) 230-8380
Emil Davtyan, 880 E Broadway, Glendale, CA 91205 (818) 875-2008

DATE: 10/07/2022          Sharif Elmallah     Clerk, by _____ , Deputy
*(Fecha)*                   *(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  **Cambridge Real Estate Services, Inc.**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Alvin B. Lindsay (SBN 220236)<br>David Yeremian & Associates Inc.<br>2540 Foothill Blvd., Suite 201<br>La Crescenta, CA 91214<br>TELEPHONE NO.: (818) 230-8380  FAX NO.: (818) 230-0308<br>ATTORNEY FOR *(Name):* Plaintiff, Alberto C. Cortez | FOR COURT USE ONLY<br><br>F I L E D<br>Superior Court of California<br>County of Butte<br><br>10/07/2022<br><br>Sharil Elhafiah, Clerk<br>By _____ Deputy<br>*Electronically FILED* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Butte**
STREET ADDRESS: 1775 Concord Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Chico, 95928
BRANCH NAME: North Butte County Courthouse

CASE NAME:
Cortez v. Cambridge Real Estate Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>22CV02316 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 7, 2022

Alvin B. Lindsay
_____          ▶ _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address)   TELEPHONE NO.

FOR COURT USE ONLY

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE

☐ Butte County Courthouse
One Court Street, Oroville, CA 95965
(530) 532-7002

☑ North Butte County Courthouse
1775 Concord Avenue, Chico, CA 95928
(530) 532-7009

PLAINTIFF(S):   ALBERTO C CORTEZ

DEFENDANT (S):   CAMBRIDGE REAL ESTATE SERVICES, INC

**NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE**

F I L E D

Superior Court of California
County of Butte

**OCT 10 2022**

Sharif Elmallah, Clerk
By___E. Piper___Deputy

CASE NUMBER: 22CV02316

1.   NOTICE is given of Assignment of the above entitled case for all purposes to Judge **Stephen E Benson**.

2.   NOTICE is given that the Case Management Conference is scheduled as follows:

Date: **March 29, 2023**   Time: **10:30 A.M.**   Court Facility: ☑ CHICO (1775 CONCORD AVE, CHICO)

| PLAINTIFF/CROSS COMPLAINANT MUST SERVE THIS NOTICE WITH SUMMONS AND COMPLAINT/CROSS COMPLAINT |
| --- |

3.   You **must** file and serve a completed Case Management Statement at least fifteen days before the conference.

4.   You **must** be familiar with the case and be fully prepared to participate effectively in the Case Management Conference by personal or telephonic appearance. (Telephonic appearances are arranged by calling Court Call at 1-888-882-6878).

5.   At the Case Management Conference, the court shall make pretrial orders, including but not limited to:

   a.   Establishing a discovery schedule.

   b.   Ordering the case to mediation or arbitration.

   c.   Dismissing fictitious defendants.

   d.   Scheduling exchange of expert witness information.

   e.   Setting subsequent conferences and the trial date.

   f.   Consolidating cases.

   g.   Severing trial of cross-complaints or bifurcating trial of issues.

   h.   Determining when demurrers, motions to strike and other motions are to be noticed.

### * * * Note:  Counsel and Parties Should Review CRC §3.720-3.730. * * *

**Tentative Rulings:**  Although not applicable to Case Management Conferences, the Court advises counsel that for law and motion matters, the Court follows the tentative ruling procedure set forth in CRC § 3.1308(a)(1) and in Local Rule 2.9: tentative rulings on law and motion matters will be available on the Court's website at www.buttecourt.ca.gov and by telephone at (530) 532-7022 by 3:00 p.m on the Court day preceding the hearing. By 4 p.m. that same day, a party must notify all other parties and the Court of their intention to argue. If timely notice is not given, no oral argument will be permitted unless the court has directed the parties to provide further argument in its tentative ruling.

| * * Sanctions * * |
| --- |
| If you do not, (1) file the Case Management Statement, (2) attend the Case Management Conference personally or by telephone (or have counsel attend for you), and/or (3) you (or counsel appearing for you) do not participate effectively in the conference, the court may impose sanctions (including dismissal of the case and payment of money). |

I declare under penalty of perjury that I am not a party to this action, am at least 18 years of age and that I personally mailed a copy of this Notice of Assignment & Case Management Conference with the conference date and hearing time inserted to Alvin Brock Lindsay, a person representing the plaintiff/cross-complainant.

Date:  October 10, 2022   Sharif Elmallah, Clerk of the Court, by Erica Piper, Deputy.

EXHIBIT 3

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alvin B. Lindsay SBN 220236<br>David Yeremian & Associates, Inc.<br>2540 Foothill Blvd., Suite 201<br>La Crescenta , CA 91214<br>TELEPHONE NO.: (818) 230-8380          FAX NO. (Optional):<br><br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):     Plaintiff | **F I L E D**<br>Superior Court of California<br>County of Butte<br>**10/21/2022**<br>Sharif Elmallah, Clerk<br>By H allardh        Deputy<br>*Electronically FILED* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE - CHICO (EFILING)<br>STREET ADDRESS:  1775 Concord Ave<br>MAILING ADDRESS:  1775 Concord Ave<br>CITY AND ZIP CODE:  Chico, CA 95928<br>BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE - CHICO<br>(EFILING) | |

| PLAINTIFF/PETITIONER:  Alberto C Cortez, an individual | CASE NUMBER:<br>22CV02316 |
|---|---|
| DEFENDANT/RESPONDENT:  Cambridge Real Estate Services, Inc., an Oregon corporation | |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Cortez v. Cambridge Real Estate<br>Services, Inc. |
|---|---|

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2.    I served copies of: **Summons, Complaint, Civil Case Cover Sheet; Notice of Case Assignment**

3.    a.  Party served (specify name of party as shown on documents served): **Cambridge Real Estate Services, Inc.**

      b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
          under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
          **By Serving Jeffrey Passadore, Agent for Service**

4.    Address where the party was served: **1417 NW Marshall St,  Portland, OR 97209**

5.    I served the party (check proper box)
      a.  ☐  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
             service of process for the party (1) on: (2) at:
      b.  ☒  **by substituted service.** On: **10/19/2022** at: **11:42 AM** I left the documents listed in item 2 with or in the presence of
             (name and title or relationship to person indicated in item 3):
             **Austin Pitschka**
             **Executive Administrative Assistant**

          (1)  ☒  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                  of the person to be served. I informed him or her of the general nature of the papers.

          (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                  place of abode of the party. I informed him or her of the general nature of the papers.

          (3)  ☐  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual
                  mailing address of the person to be served, other than a United States Postal Service post office box. I
                  informed him or her of the general nature of the papers.

          (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
                  the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                  on:                    from:                    or  ☒  a declaration of mailing is attached.

Page 1 of 3

| PLAINTIFF/PETITIONER: | Alberto C Cortez, an individual | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Cambridge Real Estate Services, Inc., an Oregon corporation | 22CV02316 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:                                                         (2) from :

    (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   ☐   **by other means** *(specify means of service and authorizing code section):*

        ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

   a.   ☐   as an individual defendant.

   b.   ☐   as the person sued under the fictitious name of *(specify):*

   c.   ☐   as occupant.

   d.   ☒   On behalf of *(specify):* **Cambridge Real Estate Services, Inc.**
            under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.   **Person who served papers**

   a.   Name: **Elisha Treacy**
   b.   Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
   c.   Telephone number: **909-664-9577**
   d.   **The fee** for service was: **$200.00**
   e.   I am:
        (1)   ☒   not a registered California process server.
        (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3)   ☐   a registered California process server:
              (i)   ☐   owner   ☐   employee   ☒   independent contractor.
              (ii)   Registration No.:
              (iii)   County: **0**

Invoice#: 6544704-02

| PLAINTIFF/PETITIONER: | Alberto C Cortez, an individual | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Cambridge Real Estate Services, Inc., an Oregon corporation | 22CV02316 |

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Elisha Treacy                                Date  10/20/2022

Invoice#: 6544704-02

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Alvin B. Lindsay SBN 220236**<br>**David Yeremian & Associates, Inc.**<br>**2540 Foothill Blvd., Suite 201**<br>**La Crescenta , CA 91214**<br>ATTORNEY FOR   **Plaintiff** | **(818) 230-8380** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE - CHICO (EFILING)<br>1775 Concord Ave<br>Chico, CA 95928 | |
|---|---|

| SHORT TITLE OF CASE:<br>Cortez, Alberto C<br>vs<br>Cambridge Real Estate Services, Inc | |
|---|---|

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>22CV02316 |
|---|---|---|---|

| **Proof of Service by Mail** | Ref. No. or File No:<br>Cortez v. Cambridge Real Estate<br>Services, Inc. |
|---|---|

**BY FAX**

I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

On **10/20/2022** after substituted service under section C.C.P. 415.20(a), 415.20(b), or 415.95(a) was made, I served the within:

*Summons, Complaint, Civil Case Cover Sheet; Notice of Case Assignment*

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At: **Chino Hills**, California, addressed as follows:

**Cambridge Real Estate Services, Inc.**
**Attn: Jeffrey Passadore, Registered agent**
**1417 NW Marshall St,   Portland, OR 97209**

Person attempting service:
   a. Name: **Tatianna Simoes-Silva**
   b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
   c. Telephone number: **909-664-9577**
   d. **The fee** for this service was: **200.00**
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] **Employee**
      (ii) Registration No.: **1086**
      (iii) County: **San Bernardino**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Tatianna Simoes-Silva**                    Date: **10/20/2022**