UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO C. CORTEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CAMBRIDGE REAL ESTATE SERVICES, INC.,<br><br>  Defendant. | Case No. 22-cv-07332-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 12 |

Plaintiff Alberto Cortez ("Cortez" or "Plaintiff") brought this putative class action against Defendant Cambridge Real Estate Services, Inc. ("Cambridge" or "Defendant"), alleging ten causes of action related to Cortez's employment with Cambridge, including both individual and class claims. Dkt. No. 12-2 at 1-2 ("Sachs Decl."). Cambridge moves to compel Cortez to arbitrate his claims as required by an arbitration agreement (the "Agreement"). *See* Dkt. No. 12 ("Mot."). Cortez opposes. *See* Dkt. No. 13 ("Opp.") at 1. The Court **GRANTS** Cambridge's motion to compel arbitration.[1]

**I.   BACKGROUND**

On April 1, 2019, Cambridge, a property management service business, hired Cortez. Dkt. No. 12-1 at 2 ("Cooper Decl."). On the same day, Plaintiff signed the Agreement, in which he agreed to submit "any and all previously unasserted claims, disputes, lawsuits or controversies arising out of or relating to his or her application or candidacy for employment, his or her employment, or the cessation of his or her employment to binding arbitration before a neutral and unbiased arbitrator." Cooper Decl. Ex. 1. Under the Agreement, "the term 'any and all previously

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

unasserted claims, disputes, lawsuits or controversies' includes, but is no limited to, any and all claims, actions, or executive orders, or under the common law of any jurisdiction." *Id.* Cortez's last date of employment with Cambridge was October 18, 2021. Cooper Decl. at 2.

On October 7, 2022, Cortez originally brought this Complaint against Defendant in Butte County Superior Court alleging ten causes of action related to Cortez's employment with Cambridge: (1) Failure to Pay Minimum Wages and for All Hours Worked; (2) Failure to Pay Wages and Overtime; (3) Meal Period Liability; (4) Rest Break Liability; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 221; (7) Violation of Labor Code § 204; (8) Violation of Labor Code § 203; (9) Failure to Reimburse Necessary Business Expenses; and (10) Violation of Business and Professions Code § 17200. Sachs Decl. Ex. 2. On November 18, 2022, Cambridge removed the case under the Class Action Fairness Act ("CAFA"). Sachs Decl. at 2.

## II.  LEGAL STANDARDS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., establishes that a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting federal policy favoring arbitration). The FAA allows that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that ... arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

When a party moves to compel arbitration, the court must determine (1) "whether a valid arbitration agreement exists" and (2) "whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). The agreement may also delegate gateway issues to an arbitrator, in which case the court's role is limited to determining whether there is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). In either instance, "before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524,

1  530 (2019) (citing 9 U.S.C. § 2).

2  When the parties contest whether an agreement was formed, the court applies "general
3  state-law principles of contract interpretation," without a presumption in favor of
4  arbitrability. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) (internal
5  quotation omitted). The party seeking to compel arbitration bears the burden of proving by a
6  preponderance of the evidence that there was an agreement to arbitrate. *Norcia v. Samsung
7  Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Conversely, the party opposing
8  arbitration is entitled to the benefit of all reasonable doubts and inferences. *Three Valleys Mun.
9  Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991). Therefore, a court may
10 find that an agreement to arbitrate exists as a matter of law "[o]nly when there is no genuine issue
11 of fact concerning the formation of the agreement." *Id.* (internal quotation omitted); *see
12 also Alarcon v. Vital Recovery Servs., Inc.*, 706 F. App'x 394, 394 (9th Cir. 2017) (same).

### III.  DISCUSSION

Cambridge moves to compel Cortez to arbitrate his individual claims based on the Agreement, and to dismiss Cortez's class claims. Mot. at 3. The Court agrees that the Agreement is enforceable, and that the class claims must be dismissed.

#### A.  A Valid Agreement to Arbitrate Exists

"Where a party contests the formation of the parties' arbitration agreement the court must resolve the disagreement." *Sanders v. Telacu Constr. Mgmt.*, No. CV 19-766-DMG (JCX), 2019 WL 7906427, at *2 (C.D. Cal. Oct. 9, 2019) (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299-300 (2010) (cleaned up)). The Court first considers whether the Agreement has been adequately authenticated, then addresses whether Defendant has met its burden of showing that the parties formed an agreement to arbitrate.

##### i.  The Arbitration Agreement Is Properly Authenticated

An item of evidence may be considered under Federal Rule of Evidence 901(a), which requires a proper foundation be laid to authenticate the item by "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Such a foundation may be laid through the testimony of a witness with knowledge that the "item is what it is claimed

to be." Fed. R. Evid. 901(b)(1). "A party need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *Am. Fed'n of Musicians of United States & Canada v. Paramount Pictures Corp.*, 903 F.3d 968, 976 (9th Cir. 2018) (citation and quotations omitted).[2]

The Court finds that the declaration of Angela Cooper adequately authenticates the Agreement. Ms. Cooper, the Human Resources Consultant for Cambridge Real Estate, attests to having personal knowledge of the date of Cortez's hiring and affirms that Plaintiff signed the Agreement on April 1, 2019. Cooper Decl. at 1-2, 4. Significantly, Cortez does not challenge the authenticity of his own handwritten signature on the Agreement. *See generally* Opp. at 3-5.

### ii. Defendant Has Met Its Burden of Showing that the Parties Formed an Enforceable Arbitration Agreement

Plaintiff does not dispute that California law governs the contract formation determination here. The Ninth Circuit has held that under California law, "the party seeking to compel arbitration[] has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). The party moving to compel arbitration may meet its initial burden of proving that an agreement exists "by attaching to the petition a copy of the arbitration agreement purporting to bear the respondent's signature." *Bannister v. Marinidence Opco, LLC*, 64 Cal. App. 5th 541, 544 (2021), *as modified* (May 21, 2021); *see also Condee v. Longwood Mgmt. Corp.*, 88 Cal. App. 4th 215, 219 (2001) (holding that to introduce an arbitration agreement, the "[p]etitioner need only allege the existence of an agreement and support the allegation" with "a copy or recitation of its terms"). "[A] petitioner is not required to authenticate an opposing party's signature on an arbitration agreement as a preliminary matter in moving for arbitration or in the event the

---

[2] Plaintiff's reliance on cases applying California authentication rules is inapposite because "federal courts sitting in diversity apply state substantive law and federal procedural law." *See Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Although there are exceptions to this general rule, because the question of authentication is not "substantive law in the guise of an evidentiary rule," none apply here. *See Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010), *as amended* (Apr. 27, 2010); *see also Prostek v. Lincare Inc.*, No. 1:22-CV-1530 AWI BAM, 2023 WL 2588098, at *6 (E.D. Cal. Mar. 21, 2023) (holding that "[b]ecause Rule 901(a) controls, neither Cal. Evid. Code § 403 nor [state court precedent relying on the Cal. Evid. Code] authentication analysis applies").

authenticity of the signature is not challenged." *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 843, 846 (2014); *see also Sanders*, No. CV 19-766-DMG (JCX), 2019 WL 7906427, at *3 (existence of agreement to arbitrate shown where plaintiff "[did] not dispute that the signature appearing on the agreement bearing her name is her signature" and "only state[d] that she does not recall signing the agreement"); *Joseph E. Di Loreto, Inc. v. O'Neill*, 1 Cal. App. 4th 149, 160 (1991) (same where plaintiff "never unequivocally denied" that the signature on the agreement was his).

Cortez argues, citing *In re Uber Text Messaging*, that Ms. Cooper's statement is substantively deficient and "does not establish [that Defendant signed the Agreement] or that the [Agreement] is what Defendant purports it to be." Opp. at 5. In that case, the Court held that there was a genuine dispute of fact as to whether an arbitration agreement was formed because of a dearth of evidence authenticating the agreement. *In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 2509337, at *7 (N.D. Cal. June 18, 2019). The defendants in *In re Uber Text Messaging* never proffered a signed contract or a party with personal knowledge, relying instead on "[s]nippets from a database, reproduced without any context, explanation, or supporting testimony." *Id.* at 6. Here, by contrast, the signed agreement is attached to the declaration of Ms. Cooper, and Plaintiff does not actually deny that the handwritten signature is his.

The Court finds that a valid arbitration covering the claims in this lawsuit exists, and accordingly grants Cambridge's motion to compel arbitration with respect to the individual claims. *See Prostek*, No. 1:22-CV-1530 AWI BAM, 2023 WL 2588098, at *8 (finding that defendant adequately showed the existence of an enforceable arbitration agreement when, among other things, plaintiff "fail[ed] to deny the authenticity of her handwritten signature on the Arbitration Agreement").

**B.     Plaintiff's Class Claims Are Barred From Forced Arbitration**

The Supreme Court has held that class arbitration requires express consent of the parties because it significantly alters the nature of the arbitration process. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010). "Neither silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the

central benefits of arbitration itself." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417 (2019). "In California, an agreement is ambiguous when it is capable of two or more constructions, both of which are reasonable." *Id.* at 1414-1415 (citation and quotations omitted).

Cortez argues that the clause "any and all claims, actions, or lawsuits" encompasses class claims. Opp. at 6. In *Lamps Plus*, the Supreme Court confirmed that the following statements were ambiguous with regard to class claims: "any right I may have to file a lawsuit or other civil action or proceeding relating to my employment with the Company"; "any right I may have to resolve employment disputes through trial by judge or jury"; and "arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment." *Lamps Plus, Inc.*, 139 S. Ct. at 1418. The same ambiguity is present in the Agreement here, which provides that "any and all claims, actions, or lawsuits" must be submitted "to binding arbitration before a neutral and unbiased arbitrator." Cooper Decl. at 4-5. Even Plaintiff admits that the Agreement is silent as to class claims. *See* Opp. At 6 ("[the Agreement] does not specifically reference them or explicitly declare the parties agree to arbitrate class claims"). Because the language in the agreement may be reasonably interpreted to extend only to individual claims or also to class claims, the Court finds the clause ambiguous. *See Lamps Plus*, 139 S. Ct. at 1414-1415, 1418. The Court accordingly finds that the putative class claims may not be arbitrated.

### C. Plaintiff's Putative Class Claims Must Be Dismissed

In light of the Court's findings that the class claims may not be arbitrated, and that Plaintiff's individual claims are compelled to arbitration, the Court finds that it must dismiss the putative class claims. A plaintiff may not pursue class claims as a representative when they are required to arbitrate their own claims. *See Farfan v. SSC Carmichael Operating Co. LP*, No. 18-CV-01472-HSG, 2019 WL 4933577, at *3 (N.D. Cal. Oct. 7, 2019) (dismissing class claims because the plaintiff could not represent the class after individual claims were compelled to arbitration). Accordingly, because Plaintiff cannot serve as class representative given the Court's dismissal of its individual claims, there is no class representative who can pursue the class claims, and those claims are dismissed.

### D. Plaintiff's Request For Remand Is Denied

Cortez argues that Cambridge prematurely filed its removal motion before Cortez could file a First Amended Complaint. Opp. at 1, 7. The Court disagrees: because the Federal Rules of Civil Procedure require a notice of removal to be filed within thirty days after the receipt of notice by the Defendant, and Defendant met this deadline here, removal was proper. 28 U.S.C.A. § 1446; Dkt. No. 2. Plaintiff also argues that if the class claims are dismissed, the individual claims should be remanded to state court, where Plaintiff has initiated a separate PAGA case. Opp. at 7-8. Because the Court has granted the motion to compel arbitration with respect to the individual claims, there are no individual claims to remand.

## IV. CONLCUSION

The Court **GRANTS** Cambridge's motion to compel arbitration, and dismisses Cortez's putative class claims. The remainder of the case is **STAYED** pending completion of arbitration. The parties are directed to file a joint status report regarding the status of the arbitration proceeding 120 days from the date of this order and every 120 days thereafter unless otherwise ordered. The Clerk is directed to administratively close the case.

**IT IS SO ORDERED.**

Dated: 6/16/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7